### PATTON v. FREEMAN AND OTHERS.

1. Parol evidence of the contents of a confession made by defendant on a criminal prosecution, and reduced to writing, is admissible in a civil action.

2. No party in a civil suit has a right to compel the production of the written examination taken on a criminal prosecution; the interest of the public may suffer by such a disclosure.

3. Such evidence is admissible in a civil suit, though the confession was made under a promise of pardon; the public officer cannot, by such engagements, affect the rights of individuals.

4. Where a combination to perpetrate a particular fraud is proved, evidence of a conversation with the parties, though all might not have been present during the whole of the conversation, is good against all.

5. *Semble*—that a civil action may be brought to recover damages suffered by an act which amounts to felony.

6. *Semble*—the sheriff, in order to save himself from the consequences of an escape, cannot take advantage of any error in the original judgment.

---

This was an action on the case, brought to recover damages sustained in consequence of the defendants having defrauded the plaintiff of two good and true public securities, and imposing on him, in their stead, two false and forged certificates.

Plea, not guilty.

[114] On the trial, which was at bar, the counsel for the plaintiff called upon Abraham Ogden, Esq., the district attorney of the United States, to prove that Freeman, being apprehended and in custody on a charge of felony, for counterfeiting the securities on which this action was brought, made certain voluntary confessions on the subject, which were reduced to writing, in the presence of one of the judges of the Supreme Court and Mr. Ogden.

The counsel for the defendants took two exceptions to the testimony offered :

1st. Because the confessions alluded to were made by Freeman under a promise of pardon offered him by the district attorney, and, therefore, ought not to be divulged.

2d. Because, as the whole confession made was committed to writing at the time, the writing itself was the only competent evidence of its own contents, and its place could not be supplied by evidence of a secondary character.

The counsel for the plaintiff professed their readiness to bring forward the written and original confession, and submit its contents to the jury ; but—

PER CUR. In a civil action, parol proof of the confession is proper, ; the paper itself is not evidence of a higher nature. But, in addition to this, we are of opinion that no party in a civil suit has a right to call for the written examination taken on a criminal prosecution. It may concern the public interests to prevent its publicity, and to keep it secret. The witness may be allowed to refer to the paper to refresh his memory.

2d. It does not appear that this confession was obtained under the promises that have been mentioned. At any rate, such engagements protect the party only against the consequences of a public prosecution. The district attorney can-

not, in this manner, affect the interests of the plaintiff in a civil suit, or prevent individuals from having the benefit of his testimony.

It was proved that there was a combination between Freeman and the other defendants to cheat the plaintiff, and the [115] witness being about to relate a conversation between himself and them, the counsel for the defendant objected to the testimony, on the ground that Freeman was out of the room during at least a part of the time, and that nothing was evidence against him which occurred in his absence. But—

PER CUR. We are of opinion that the evidence is proper. Mr. Ogden has proved a connection between the defendants, in order to perpetrate this fraud, and it is therefore unexceptionable to prove conversations which occurred while Freeman was present, though he might occasionally have stepped out of the room during its continuance.

*Boudinot* moved for a non-suit, on the ground that the act charged upon the defendants is a felony, and therefore no action of trespass lies; and cited *Proctor* v. *Beny, Barnes* 450.

*Stockton* and *Leake, contra,* cited—

*Ramsay* v. *McDonald, Foster* 61 ; 1 *Wils.* 217 ; in which it was said that a person under attainder is *civiliter mortuus:* his person and estate are absolutely at the disposal of the crown, and consequently he is not liable to civil suits. But Lee, C. J., said, "there is no doubt but a person attainted may be sued."

PER CUR. The defence appears a harsh one, the more so as it is made to save the sheriff from the consequences of Freeman's escape. If he had been sued for the escape, he would not be permitted to take advantage of any error in the judgment. We doubt the rule of law, notwithstanding the case from *Barnes ;* but, at any rate, we are not so far satisfied

Patton v. Freeman et al.

of the soundness of the objection as to withdraw the case from the consideration of the jury. (a)

(a) The court seemed to lean strongly against the principle contended for by the counsel for the defendants. The suddenness of the objection, however, prevented a recurrence to authorities, which would have satisfied them that the inclination of their minds was correct. A question of this kind must frequently have occurred in the English courts, and the law has been clearly settled by their decisions. From the cases to which reference [116] will presently be made, it would appear that there is no color for the principle contended for by the counsel for the defendant, in the case before us, viz.: that no civil suit can be maintained to recover damages sustained by a felonious act. It does not appear that so extensive a doctrine has ever been admitted in England, but there are cases in which, after a conviction, upon an indictment for felony, a civil action has been brought to recover damages sustained by the act, which had thus been punished *criminaliter*. In these cases the rule which has been adopted appears to be, that where the offender was convicted of a robbery by the evidence, or the procurement of the injured person, restitution being allowed as part of the punishment under the statute 21 *Hen.*, *VIII.*, *c.* 11, the criminal should not be compelled a second time to make compensation for the damages which he had occasioned.

It is said in *Broke*, " *Trespass*," *pl.* 415, that an action of trespass does not lie for the taking of goods, after the person who took them has been indicted of felony and acquitted; for the trespass is extinguished in the felony. This doctrine, however, is altogether uncorroborated by any other writer, and contradicted by the following cases:

The first is that of *Markham* v. *Cob*, reported in *Latch* 144, and *Noy* 82, and cited 2 *Roll. Abr.* 557, *pl.* 22, 23; 20 *Vin. Ab.* 472, " *Trespass*," *Y* 3, *pl.* 4; 6 *Bac. Ab.* 578. It was an action of trespass for breaking the plaintiff's house in D, and taking and carrying away £3,000 in divers bags of money, &c. The defendant pleaded *quod coram domino Hubbard*, and the justices of Assize, &c. He was indicted by the procurement of the plaintiff, for the same offence, for breaking the house *burglariter*, and carrying away the said £3,000, and he put himself upon the country, and one, &c., was found guilty as principal, and he as accessory. And the question was whether this action lay. The court held the plea bad; and all the justices agreed that it was defective, inasmuch as it did not state that the defendant had been convicted by the evidence of the party, in which case alone restitution is allowed by the statute.

It is evident from this case, that the main question considered by the court was, whether the plaintiff had been remunerated for the damages sustained; and two of the justices say, "the indictment does not take away the right of the party, and the plaintiff could not have had restitu-

tion under the statute." This construction of the language of the court is confirmed by *Viner* (*ubi supra*).

In the subsequent case of *Dawkes* v. *Covinheigh, Styles* 346, the same rule is adopted. This was an action of trespass, for carrying away £250, &c. A special verdict was found, which stated that the defendant did feloniously break the house, &c., was found guilty, &c. The question upon the special· verdict was, if, after the defendant was indicted and found guilty, and punished for this act, an action of trespass *quare clausum fregit* could be maintained by the party robbed against the party that robbed, or not. And all the justices held that the action would well lie, though *Roller* said that it would not before the conviction.

[117] In the case of *Smith* v. *Weaver*, in *North Carolina, Taylor* 58, which was an action of trespass brought for the killing of a slave belonging to plaintiff, the jury found a verdict for the plaintiff under the direction of the court. It would appear from the report of the case, which is loose and unsatisfactory, that the defendant had been indicted for the felony, and acquitted, and that this action was brought pending the prosecution. The defendant moved for a new trial, on the ground that the civil injury was merged in the felony. But the court held the verdict right, and refused the application for a new trial.

*Blackstone,* 4 *Com.* 363, says : " If the felon be convicted and pardoned, or be allowed his clergy, the party robbed may bring his action of trover against him for the goods, and recover a satisfaction in damages ; but such action lies not before prosecution, for so felonies would be made up and healed."

In *Lutterell* v. *Reynell and others,* 1 *Mod.* 282, it was objected to the evidence that, if true, it destroyed the plaintiff's action, inasmuch as it went to prove the defendants guilty of felony ; but it was held by the court that it should not lie in the mouth of the party to say that he was a thief, and therefore not guilty of the trespass ; but perhaps if it had appeared upon the declaration, the defendant ought to have been discharged of the trespass.

2 *Hawk* 625, *b.* 2, *c.* 47, § 6 : If it appear in an action of trespass that the act was felonious, no verdict ought to be taken, unless the defendant has been before tried for felony, because the suffering such actions might be a means to prevent prosecutions for felonies. *Quere.*

It may, however, be remarked, that it is at least doubtful whether this question was in any manner properly before the court, in the text. The felonious act is the forgery of the certificates. The ground of this action was the deception practiced by imposing counterfeit for real certificates. The felonious act was one thing ; the cheating, another ; and the principle upon which the motion for a non-suit was made, was not involved.